IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MANUEL ZARATE,

      Petitioner,

  v.

GREG LEWIS, Warden, et al.

      Respondents.

_____/

No. C 12-6143 CW (PR)

ORDER OF DISMISSAL WITH LEAVE TO AMEND; DIRECTING CLERK TO PROVIDE PETITIONER WITH CIVIL RIGHTS COMPLAINT FORM AND IN FORMA PAUPERIS APPLICATION

      Petitioner, a state prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his validation as a gang member and resulting indeterminate retention in the Secured Housing Unit (SHU) at Pelican Bay State Prison (PBSP) for more than twenty years.

      Petitioner previously filed a habeas petition in this court challenging the confiscation of his mail by prison officials and the placement in his prison file of alleged false information concerning his gang affiliation.  See Zarate v. Lewis, C 10-4727 CW (PR).  On March 20, 2012, the Court granted Respondent's motion to dismiss the petition and found Petitioner's claims not cognizable because (1) he had failed to show how the confiscation of his mail affects the fact or duration of his custody and, therefore, such claim must be brought under 42 U.S.C. § 1983 and not in a habeas petition, (2) his allegations that the documents referring to his gang membership may result in a delay or denial of parole involve discretionary decisions too speculative to state a claim for habeas corpus relief and he has no liberty interest in the precise accuracy of his prison files under § 1983, and (3) his

allegations of violations of state law do not present
constitutional claims for habeas corpus relief or under § 1983.
Consequently, the Court entered judgment in favor of Respondent.
In so doing, the Court explained to Petitioner that he could raise
his federal constitutional claims in a civil rights action.

Thereafter, Petitioner moved for reconsideration of the order
of dismissal, arguing that the Court had misconstrued the nature
of his claims because his intent was to challenge his validation
as a gang member and indeterminate sentence in the SHU based on
the contents of the confiscated mail and the placement of false
information in his prison file.  He argued such claim can be
brought in a habeas corpus action because his indeterminate
retention in the SHU affects his ability to become eligible for
parole.  The Court denied Petitioner's motion, finding as follows:

> As explained to Petitioner previously, the Ninth
> Circuit has held that "habeas jurisdiction is absent,
> and a § 1983 action proper, where a successful challenge
> to a prison condition will not necessarily shorten the
> prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850,
> 859 (9th Cir. 2003).  In particular, where, as here, a
> prisoner's successful challenge to his administrative
> segregation will not necessarily shorten his sentence,
> habeas jurisdiction does not lie.  See id.  In this
> case, even if Petitioner is successful in attacking his
> gang validation, expunging the records from his prison
> file and terminating his confinement in the SHU, "[t]he
> parole board will still have the authority to deny [his]
> request[ ] for parole on the basis of any of the grounds
> presently available to it in evaluating such a request."
> Id. (internal quotation and citation omitted).  Because
> a successful claim would not necessarily result in
> Petitioner's release on parole, he may not proceed with
> his claim by way of federal habeas corpus.

Order at 3:10-26.

In the present petition, Petitioner presents essentially the
same arguments raised in his prior petition and motion for
reconsideration.  He seeks habeas corpus relief and expungement of

**United States District Court**
For the Northern District of California

the false information from his prison file.  His arguments appear
to be grounded in the First Amendment and the due process clause
of the Fourteenth Amendment.

For the reasons discussed in the orders dismissing the first
petition and denying reconsideration, Petitioner's claims are not
cognizable in federal habeas corpus because the relief he seeks
would not necessarily shorten his sentence.  See Ramirez v.
Galaza, 334 F.3d 850, 859 (9th Cir. 2003).  Thus, if he wishes to
proceed with these claims he must do so in a civil rights action.

Where a prisoner files a habeas petition attacking the
conditions of his confinement the district court may construe such
petition as a civil rights action under § 1983.  See Wilwording v.
Swenson, 404 U.S. 249, 251 (1971).  The Court will not do so here
unless Petitioner affirmatively informs the Court that he wants
this case to proceed as a civil rights action, because § 1983
actions filed by prisoners are subject to certain statutory
requirements of which Petitioner should be aware before deciding
to proceed with a § 1983 action.  In particular, § 1983 cases
filed by prisoners are subject to a requirement that the claims be
administratively exhausted.  See 42 U.S.C. § 1997e(a).  Further,
such cases are subject to a $350.00 filing fee, rather than the
$5.00 dollar filing fee for habeas cases, see 28 U.S.C. § 1914(a),
and the fee must be paid even if IFP status is granted, by way of
deductions from the prisoner's trust account until the full
$350.00 fee is paid.  See 28 U.S.C. § 1915(b).

Accordingly, this case is DISMISSED with leave to amend for
Petitioner to file a civil rights complaint.  Should he fail to do
so, the case will be dismissed without prejudice.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   This case is DISMISSED with leave to amend.  If Petitioner intends to allege a cause of action under 42 U.S.C. § 1983, he must do so by filing a civil rights complaint no later than <u>thirty</u> days from the date of this Order.  He must use the court's civil rights form, write the case number for this action (C 12-6143 CW (PR)) on the form and complete all sections of the form.

2.   Petitioner has not filed an application to proceed IFP. As noted above, the filing fee for a civil rights action is $350.00.  Accordingly, before this case can proceed as a civil rights action, Petitioner must, no later than <u>thirty</u> days from the date of this Order, pay the $350.00 filing fee or file a completed application for leave to proceed IFP.

3.   The failure to file a completed civil rights form and to pay the filing fee or file the requisite IFP documents within the thirty day deadline shall result in the dismissal of this action without prejudice.

The Clerk of the Court shall send Petitioner a blank civil rights form and the Court's prisoner IFP application form along with a copy of this Order.

IT IS SO ORDERED.

Dated:  12/28/2012

CLAUDIA WILKEN
United States District Judge

4